W. D. STIRMAN v. J. E. GATES, ET AL.

**Subjecting Land to Sale to Pay Debt.**

> Where the evidence shows that one not holding the legal title to real estate has paid a part of the purchase-money and is interested in it as part owner his interest may be reached and subjected to pay his creditors.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 15, 1886.

OPINION BY JUDGE LEWIS:

The only question in this case is one of fact, and is whether any part of the purchase-money for the land conveyed by Borie to Annie Gates, the wife, has been paid by James E. Gates, for it is to that extent the land is liable to the debts of appellant, Stirman, which he created before the conveyance.

The only two witnesses are James E. Gates and Borie, the vendor. The first named states, in substance, that the note for $200 which fell due October 15, 1878, was paid with money given to his wife by her mother in the summer of 1878. The second, for the same amount, which fell due October 15, 1879, was paid with money loaned to his wife by her brother, Nick Hope. He says that with the money given to his wife by her mother he purchased a horse and buggy, which he afterwards sold and with the proceeds made the first payment for her. This statement is not consistent with the answer of himself and wife, for in that they state that the two notes were paid with her money which she got from her brother for the purpose. But neither the mother of Annie Gates nor her brother are called on to testify, the statement of the husband and debtor, inconsistent as it is with the answer, being left unsupported by any other witness.

On the other hand Borie, who has no interest in the issue, testifies both notes were paid with the means of the husband. He states that he was the traveling agent of manufacturers of reapers

and mowers, and at the same time James E. Gates was the local agent of the same company, and that the two notes were paid out of commissions he was entitled to for selling the machines. There are some circumstances tending to show, or from which it might be inferred, that the first note was not paid directly to Borie, but to his attorneys in his absence, and that the whole amount was not paid the same day, but in different amounts and on different days.

But we think it is proved beyond reasonable doubt that the second note was paid out of the means of James E. Gates, for there is filed with the deposition of Gates the copy of a settlement between Borie, the traveling agent, and Gates, the local agent of the company mentioned, made Oct. 15, 1879, the day the second note fell due, which shows a balance of $385 due to Gates from the company, out of which balance Borie swears the second was paid. If that note had been paid by Hope, the brother-in-law of Gates, it would have been easy to prove it by Hope. But neither is he called on to testify, nor is the check which Gates gave for the amount of the note produced.

In our opinion the evidence satisfactorily shows that the note for the $200 and interest, which fell due October 15, 1879, was paid off with the means of James E. Gates, and his interest in the land, to that extent at least, should be made subject to the satisfaction of appellant's debts. Wherefore the judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*Weir, Weir & Walker, for appellant.*

*J. A. Dean, for appellee.*